IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD C. BUTLER,

          Plaintiff,

vs.                                           Case No. 19-3167-SAC

ATCHISON POLICE DEPARTMENT,
CITY OF ATCHISON, KANSAS, and
(FNU) MASON,

          Defendants.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's pro se complaint and deciding plaintiff's motion for leave to proceed in forma pauperis. The court proceeds pursuant to 28 U.S.C. § 1915A. Plaintiff brings his complaint under 42 U.S.C. § 1983.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual

1

allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

II. Screening standards

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).

The court, however, will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's

claims are. Section 1983 plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008).

III. The complaint

Plaintiff is incarcerated in the Atchison County Jail. From exhibits to the complaint, it appears that plaintiff began his incarceration on May 11, 2019. Doc. No. 1-1, p. 5. His complaint names the Atchison Police Department, the City of Atchison, Kansas and police officer Mason as defendants. Plaintiff alleges that he reported a crime to the police (Officer Mason), but no action has been taken. He further alleges that his cell phone has been seized by the Atchison Police Department without a warrant. Exhibits to the complaint indicate that a police department detective received an iPhone belonging to plaintiff from the Atchison County Jail on May 20, 2019. Doc. No. 1-1, p. 4. Plaintiff does not allege that the phone was illegally seized when plaintiff was arrested. Plaintiff also does not allege facts showing that the digital contents of the phone have been searched without a warrant.

Plaintiff has written his allegations on a form for bringing a complaint pursuant to 42 U.S.C. § 1983. A plaintiff bringing a § 1983 claim must "allege the violation of a right secured by the

3

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Bruner v. Baker, 506 F.3d 1021, 1025-26 (10th Cir. 2007).

IV. Failure to charge a crime

There is no constitutional right to have law enforcement investigate complaints against other parties or to have a state actor report an alleged crime to a charging authority. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005)(no due process right to have someone else arrested for a crime); Webb v. Caldwell, 664 Fed.Appx. 695, 696 (10th Cir. 2016)(no constitutional right to have action taken against a person who threatened plaintiff); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(no constitutional interest in prosecution or nonprosecution of another); Phillips v. Kerns, 483 Fed.Appx. 400, 402 (10th Cir. 2012)(no constitutional right to transmittal of report to district attorney and other procedures); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990)(no constitutional right to have Sheriff file charges against guards who beat plaintiff). Plaintiff's allegations that he reported a crime to Officer Mason but that nothing happened, fail to describe a violation of a constitutional right and therefore fail to state a plausible claim under § 1983.

V. <u>Seizure of phone</u>

For the purposes of the Constitution, a "seizure" of property occurs "when there is some meaningful interference with an individual's possessory interests in that property." <u>U.S. v. Jacobsen</u>, 466 U.S. 109, 113 (1984). When a person's property is legally in the custody of the police, a person has no possessory interest in the property. See <u>U.S. v. Battle</u>, 1999 WL 596966 *5 (10th Cir. 1999); <u>U.S. v. Thompson</u>, 837 F.2d 673, 674 (5th Cir. 1988). As the Supreme Court has stated:

> once the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other. This is true where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the "property room" of the jail, and at a later time searched and taken for use at the subsequent criminal trial.

<u>U.S. v. Edwards</u>, 415 U.S. 800, 807 (1974); see also <u>U.S. v. Buckley</u>, 1998 WL 774634 *1-2 (D.Kan. 10/7/1998)(approving warrantless seizure and search by police of wallet taken on arrest by U.S. Marshals); <u>U.S. v. McVeigh</u>, 940 F.Supp. 1541, 1557 (D.Colo. 1996)(FBI may seize without a warrant clothes taken upon arrest by a county sheriff).

Plaintiff's complaint does not allege facts demonstrating that his cell phone was improperly searched. The complaint does

5

not allege facts showing that it was unconstitutionally seized. Moreover, it does not allege that a named defendant who is suable under § 1983 seized the cell phone.[1] Therefore, plaintiff has not stated a claim for the seizure of his cell phone.

VI. City of Atchison

Plaintiff has named the City of Atchison, Kansas as a defendant. But, to sue a municipality under § 1983, plaintiff must allege facts showing that the alleged violation was caused by a municipal policy or custom. Waller v. City & Cty. of Denver, 932 F.3d 1277, 1283 (10th Cir. 2019). This can be demonstrated by evidence of:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

Id. (quoting Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010)). Plaintiff has not alleged facts showing that the failure to file charges or the seizure of his cell phone was caused by a policy or custom of the City of Atchison.

---

[1] As stated in the next section, the Atchison Police Department is not a proper defendant in a § 1983 action.

VII. The Atchison Police Department is not a proper defendant

This court has often held that local police departments, under Kansas law, are governmental sub-units which may not sue or be sued; instead the city or county is the proper defendant. Therefore, the court has dismissed local police departments as defendants in § 1983 actions. E.g., Madkins v. Platt, 2017 WL 3149299 *3 (D.Kan. 7/25/2017)(Junction City Police Department); Ward v. Lenexa, Kansas Police Dept., 2014 WL 1775612 *4 (D.Kan. 5/5/2014); Rivera v. Riley County Police Department, 2011 WL 4686554 *2 (D.Kan. 10/4/2011). The Atchison Police Department is not a proper defendant in this case.

VIII. Conclusion

The court shall grant plaintiff time until October 24, 2019 to show cause why the court should not dismiss this action or to file an amended complaint which corrects the deficiencies outlined in this order. An amended complaint should be written on the forms supplied by the court and should contain all the claims upon which plaintiff seeks to proceed. The amended complaint should not refer to the original complaint.

**IT IS SO ORDERED.**

Dated this 24th day of September, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge